**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4365**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CHRISTOPHER LAMONT PINO, a/k/a Pine,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, Chief District Judge.  (4:18-cr-01080-RBH-5)

Submitted:  November 21, 2019           Decided:  November 25, 2019

Before KEENAN and DIAZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

M.W. Cockrell, III, Sarah C. Campbell, COCKRELL & CAMPBELL, P.C., Chesterfield, South Carolina, for Appellant.  Everett E. McMillian, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Christopher Lamont Pino pled guilty to conspiracy to possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846, 851 (2012). The district court sentenced Pino to 120 months' imprisonment and 8 years of supervised release. On appeal, counsel for Pino filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but seeking review of the district court's Fed. R. Crim. P. 11 plea colloquy. Pino did not file a supplemental pro se brief, despite notice of his right to do so. The government elected not to file a brief and does not seek to enforce the appeal waiver in Pino's plea agreement.[*]

Prior to accepting a guilty plea, "a trial court, through colloquy with the defendant, must ensure that the defendant understands the nature of the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty, and the various rights the defendant is relinquishing by pleading guilty." *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). The district court must also ensure that the defendant's plea is voluntary, is supported by an independent factual basis, and does not result from force, threats, or extrinsic promises. Fed. R. Crim. P. 11(b)(2), (3). When reviewing a Rule 11 colloquy, we "accord deference to the trial court's decision as to how best to conduct the

---

[*] Because the government fails to assert the appeal waiver as a bar to this appeal, we may consider the issue raised by counsel and conduct an independent review of the record pursuant to *Anders*. *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

mandated colloquy with the defendant." *United States v. Moussaoui*, 591 F.3d 263, 295 (4th Cir. 2010) (internal quotation marks omitted).

Because Pino did not move to withdraw his guilty plea in the district court or otherwise preserve any allegation of Rule 11 error, we review the plea colloquy for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). "To prevail on a claim of plain error, [Pino] must demonstrate not only that the district court plainly erred, but also that this error affected his substantial rights." *Id*. at 816. In the guilty plea context, a defendant "must demonstrate a reasonable probability that, but for the error, he would not have pleaded guilty." *Id*. (internal quotation marks omitted). "Further, we will not correct any error unless we are convinced that a refusal to do so would seriously affect the fairness, integrity or public reputation of judicial proceedings." *Id*. (internal quotation marks omitted).

We have reviewed the record and conclude that Pino has not established plain error in his Rule 11 hearing. The district court substantially complied with the mandates of Rule 11 in accepting Pino's guilty plea and its omissions did not affect Pino's substantial rights. Critically, the record reveals that the court ensured Pino entered the plea knowingly and voluntarily with an understanding of the consequences and that the plea was supported by an independent basis in fact. Pino has not suggested that, but for the district court's omissions under Rule 11, he would not have entered his guilty plea. Accordingly, we discern no plain error in the district court's acceptance of Pino's guilty plea.

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This

3

court requires that counsel inform Pino, in writing, of the right to petition the Supreme Court of the United States for further review. If Pino requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pino.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*